**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Jonathan Stern, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jstern@rosenlegal.com

*Counsel for Lead Plaintiff Movant Gregory Gutman*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELI GOITEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JUST ENERGY GROUP INC., DEBORAH MERRIL, JAMES LEWIS, PATRICK MCCULLOUGH, and JIM BROWN,<br><br>Defendants. | CASE No.: 1:19-cv-07181-JGK<br><br>**LEAD PLAINTIFF MOVANT GREGORY GUTMAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE** |
| THADDEUS WHITE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JUST ENERGY GROUP, INC., PATRICK MCCULLOUGH, and JIM BROWN,<br><br>Defendants. | CASE No.: 1:19-cv-08236-JGK |

*Caption Continues on Following Page*

| | |
|---|---|
| ANDRE BRODEUR, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUST ENERGY GROUP INC., DEBORAH MERRIL, JAMES LEWIS, PATRICK MCCULLOUGH, and JIM BROWN,<br><br>　　　　　Defendants. | CASE No.: 1:19-cv-08286-JGK |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1
ARGUMENT .................................................................................................................................... 4
    1.   Venue is Proper in the S.D.T.X. ...................................................................................... 5
    2.   The Convenience Factors Favor Transfer to the S.D.T.X. ................................................ 7
CONCLUSION ............................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*A. Olinick & Sons v. Dempster Bros., Inc*,
  365 F.2d 434 (2d Cir.1966) .................................................................................................. 5

*Goggins v. All. Capital Mgmt., L.P*,
  279 F. Supp. 2d 222 (S.D.N.Y. 2003) ................................................................................ 5, 9

*Houlihan Lokey Howard & Zukin Cap., Inc. v. The Protective Grp., Inc*,
  2005 WL 3367045 (S.D.N.Y. Dec. 12, 2005) ......................................................................... 7

*In re Connetics*,
  No. 06 CIV. 11496 (SWK), 2007 WL 1522614 (S.D.N.Y. May 23, 2007) .............................. 7

*In re Geopharma, Inc.*,
  No. 04 CIV. 9463 (SAS), 2005 WL 1123883 n.12 (S.D.N.Y. May 11, 2005) .......................... 6

*In re Hanger Orthopedic Grp., Inc. Sec. Litig*,
  418 F. Supp. 2d 168 (E.D.N.Y. 2006) ................................................................................ 7, 8

*In re McDermott Intern., Inc. Sec. Litig*,
  2009 WL 1010034 (S.D.N.Y. Apr. 13, 2009) ......................................................................... 7

*In re Stillwater Mining Co. Sec. Litig*,
  2003 WL 21087952 (S.D.N.Y. May 12, 2003) ............................................................... 4, 5, 9

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb, Inc.*,
  No. 06 CIV. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006) ..................................... 7

*Prudential Sec. Inc. v. Norcom Dev., Inc*,
  1998 WL 397882 (S.D.N.Y. July 16, 1998) ........................................................................... 4

*Purcell Graham, Inc.*, *v. National Bank of Detroit*,
  1994 WL 584550, (S.D.N.Y. Oct. 24, 1994) .......................................................................... 9

*Sec. Inv'r Prot. Corp. v. Vigman*,
  764 F.2d 1309 (9th Cir. 1985) ............................................................................................... 5

*Seco Steel Int'l LLC v. Tokio Marine Newa Ins. Co*,
  2010 WL 1948591 (S.D.N.Y. May 10, 2010) ...................................................................... 10

*Seinfeld v. Bartz*,
  No. 00 Civ, 2001 WL 611292 (S.D.N.Y. June 5, 2001) ......................................................... 5

*Trehern v. OMI Corp*,
  1999 WL 47301 (S.D.N.Y. Feb. 1, 1999) .............................................................................. 4

*Van Dusen v. Barrac*,
  376 U.S. 616 (1964) ............................................................................................................. 4

*Warrick v. Gen. Elec. Co*,
  70 F.3d 731 (2d Cir.1995) ................................................................................................. 5, 9

**<u>Statutes</u>**

15 U.S.C. § 78aa ........................................................................................................................ 5

28 U.S.C. § 1404 ................................................................................................................. 1,3,4

Lead Plaintiff Movant Gregory Gutman ("Gutman" or "Movant") hereby moves this Court to transfer venue under 28 U.S.C. §1404(a) to the United States District Court for the Southern District of Texas ("S.D.T.X.").

**INTRODUCTION**

Three securities class actions on behalf of Just Energy Group, Inc. ("Just Energy" or the "Company") investors were filed in the United States District Court for the Southern District of New York ("S.D.N.Y.") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and involve similar parties and allege facts that arise out of the same or similar events. These actions, *Goitein v. Just Energy Group, Inc., et al.*, Case No. 1:19-cv-07181-JGK (the "*Goitein* Action"), *White v. Just Energy Group, Inc., et al.*, Case No. 1:19-cv-08236-JGK (the "*White* Action"), and *Brodeur v. Just Energy Group, Inc., et al.*, Case No. 1:19-cv-08286-JGK (the "*Brodeur* Action" and with the *Goitein* Action and *White* Action, the "S.D.N.Y. Actions"), were filed on July 31, 2019, September 4, 2019, and September 5, 2019, respectfully. The *Goitein* Action and the *Brodeur* Action alleged a class period of November 9, 2017 through July 23, 2019 and the *White* Action alleged a class period of May 16, 2018 through August 19, 2019.

Gutman commenced an action against Just Energy and several officers and directors on September 12, 2019 in S.D.T.X. styled as *Gutman v. Just Energy Group, Inc., et al.*, Case No. 4:19-cv-03449 (the "*Gutman* Action"). The *Gutman* Action is pending before Judge Ewing Werlein, Jr. The *Gutman* Action alleges the most inclusive class period of November 9, 2017 through August 19, 2019. This case was commenced in S.D.T.X. as Gutman believed that it was a more appropriate venue than S.D.N.Y. *See* Declaration of Gregory Gutman in Support of His Motion to Transfer Venue, ("Gutman Decl."), attached as Exhibit 1 to the Declaration of Phillip

1

Kim in Support of Lead Plaintiff Movant Gregory Gutman's Motion to Transfer Venue ("Kim Decl."), at ¶10, submitted herewith.

On September 30, 2019, Gutman, represented by The Rosen Law Firm, P.A. ("Rosen Law"), filed motions, pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to be appointed Lead Plaintiff and to have his selection of Rosen Law as Lead Counsel approved in the S.D.N.Y Actions and the S.D.T.X. Action.[1] No competing motions were filed. Gutman's motions are pending in each court.

Shortly after the filing of the lead plaintiff motion, counsel at Rosen Law contacted defense counsel at Boies Schiller Flexner LLP ("Boies Schiller") to inquire whether Defendants would agree to proceed in S.D.T.X. and *stated* Gutman's preference to pursue his action in S.D.T.X. Kim Decl. at ¶2. Nobody at Boies Schiller responded. *Id*.

In an effort to avoid motion practice, once Rosen Law and counsel for each plaintiff who initiated the S.D.N.Y. Actions agreed to a stipulation to transfer these actions to S.D.T.X., Rosen Law sent the draft of the stipulation to Boise Schiller on November 12, 2019 asking if they would agree to transfer the actions in Texas. *Id*. at ¶¶3-4. Upon receiving no response yet again and cognizant of the conferences scheduled in the *Goitein* Action and *White* Action the following week, Rosen Law sought Boise Schiller's position again on November 14, 2019. *Id*. at ¶5. Late on November 14, 2019, Boise Schiller responded by not answering Rosen Law's question about transferring to S.D.T.X., but rather by asking if Gutman would transfer his action to S.D.N.Y. *Id*.

---

[1] Gutman's motion in the S.D.N.Y. Actions also requested consolidation. (Dkt. No. 8). The motion in the S.D.T.X. Action also requested appointment of liaison counsel in Texas.

2

at ¶6. On November 15, 2019, Rosen Law sought confirmation of their assumption that by answering their question with another question, that Boise Schiller would not agree to transfer. *Id*. at ¶7. In that same email, Rosen Law said that if their assumption is correct, they intended to file a motion to transfer shortly. *Id*. At this time, Boise Schiller has not responded. *Id*. at ¶8. Thus, this motion is necessary.

Gutman is a resident of Dallas, Texas. Gutman Decl. at ¶9. Because Gutman was not a party to the suit at the time the S.D.N.Y. Actions were filed, he did not select the venue. However, believing that S.D.N.Y. was not the most suitable venue, Gutman selected S.D.T.X. to file his action. *Id.* at ¶10. Just Energy is a Canadian corporation with its U.S. Headquarters located in Houston, Texas. Each of the individual defendants Deborah Merril, James Lewis, Patrick McCullough, and Jim Brown (the "Individual Defendants") reside in Houston, Texas. *See* Exhibit 2 at pages 16-17 and Exhibit 3 to Kim Decl. Furthermore, the allegations in the S.D.T.X. Action, as well as in the S.D.N.Y. Actions, arise from Just Energy's business and operations in Texas. *See generally* the complaints in the S.D.N.Y. Actions. There is no evidence that any witnesses are located in S.D.N.Y. or even that there is any reason that these cases were filed in S.D.N.Y. other than because plaintiffs Goitein, White, and Brodeur – who did not file lead plaintiff motions, and thus are no different than any of the other putative class members who are dispersed across the country – filed their lawsuits in this venue.

Pursuant to 28 U.S.C. §1404(a), transfer of this action to the S.D.T.X. is appropriate as: (i) Just Energy's U.S. headquarters are in Houston, Texas, which is located in the S.D.T.X.; (ii) many of the allegations of each action arise out of Defendant's business and operations in Texas; (iii) Gutman, who was the only lead plaintiff movant in any action, brought his action in the S.D.T.X.; and (iv) the Individual Defendants reside in S.D.T.X.

If appointed as Lead Plaintiff, Gutman would be committed to his duties as a lead plaintiff and prospective class representative. Gutman Decl. at ¶8. Not only is Gutman is a resident of Texas making S.D.T.X. a far more convenient venue for him (*Id.* at ¶9), but the Individual Defendants live in Houston, Texas. *See* Exhibit 2 at pages 16-17 and Exhibit 3 to the Kim Decl. Furthermore, given Just Energy's Texas-based operations, it is likely that most of the non-party witnesses are located in Texas and none in New York. There is no indication that S.D.N.Y. holds any relevant information to the actions. Accordingly, S.D.T.X. is the best venue to hear these cases.

## ARGUMENT

Under 28 U.S.C. § 1404, a court may transfer any civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, and is in the interest of justice." 28 U.S.C. § 1404(a); *see Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964); *In re Stillwater Mining Co. Sec. Litig.,* No. 02 Civ. 2806(DC), 2003 WL 21087953, at *2 (S.D.N.Y. May 12, 2003). The purpose of Section §1404(a) is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Stillwater,* 2003 WL 21087953, at *2 *(citing Trehern v. OMI Corp.,* No. 98 Civ. 0242(RWS), 1999 WL 47303, at *1 (S.D.N.Y. Feb. 1, 1999)).

"A party seeking to transfer venue must demonstrate that: (1) the action could have been brought originally in the transferee forum; (2) the transferee forum would be more convenient; and (3) transfer advances the interests of justice." *Stillwater,* 2003 WL 21087953, at *2 (quoting *Prudential Sec. Inc. v. Norcom Dev., Inc.,* No. 97 Civ. 6308(DC), 1998 WL 397889, at *2 (S.D.N.Y. July 16, 1998)). "The decision whether to transfer venue rests within the sound discretion of the district court." *Id.* at *3. As this Court has previously noted, the factors to be considered include: (a) the convenience of witnesses; (b) the convenience of the parties; (c) the

4

locus of operative facts (that is, the place where the events at issue occurred); (d) the location of relevant documents and relative ease of access to sources of proof; (e) the availability of process to compel the attendance of unwilling witnesses; (f) the forum's familiarity with the governing law; (g) the relative financial means of the parties; (h) the weight afforded plaintiff's choice of forum; and (i) trial efficiency and the interests of justice generally. *Stillwater,* 2003 WL 21087953, at *3 (citing *Seinfeld v. Bartz,* No. 00 Civ. 5195(DC), 2001 WL 611295, at *2 (S.D.N.Y. June 5, 2001)).

### 1. <u>Venue is Proper in the S.D.T.X.</u>

Venue in this case is governed by Section 27 of the Exchange Act which provides that venue is proper in any district in which an "act or transaction constituting the violation has occurred," or "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. "In ruling on a motion to transfer venue, the trial judge is to give the plaintiff's choice of venue 'substantial consideration,'" *Warrick v. Gen. Elec. Co.,* 70 F.3d 736, 741 (2d Cir.1995) (quoting *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 444 (2d Cir.1966)); *Goggins v. All. Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003) ("The plaintiffs' choice of forum is ordinarily entitled to considerable weight. In addition, the plaintiff's choice is generally accorded more deference where there is a material connection or significant contact between the forum state and the underlying events allegedly underlying the claim.")(internal citations and quotations omitted). *See also Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) ("Without question, the intent of the venue and jurisdiction provisions of the securities laws is to grant potential plaintiffs liberal choice in their selection of a forum.") (internal citations and quotations omitted).

Gutman initiated his action in S.D.T.X. and his choice should be respected. He was not a party to the S.D.N.Y. Actions when they were filed. Venue is proper in S.D.T.X. as there are a

5

plethora of connections to S.D.T.X. including: (i) Just Energy's U.S. headquarters are located in S.D.T.X.; (ii) each of the Individual Defendants reside in S.D.T.X. (*See* Exhibits 2 and 3 to Kim Decl.); (iii) the allegations in each complaint arise from Just Energy's Texas operations and business; and (iv) the parties and the witnesses are located in or close to S.D.T.X.

Furthermore, Gutman resides in Texas and it is where he was injured by Defendants' alleged misconduct. Courts have held that venue can be established under Section 27 in any district of the United States for any publicly-traded company on a national exchange such as Just Energy. *See In re Geopharma, Inc.*, No. 04 CIV. 9463 (SAS), 2005 WL 1123883, at *1 n.12 (S.D.N.Y. May 11, 2005) ("Indeed, because GeoPharma was a publicly traded company on the NASDAQ National Market and the alleged misstatements were widely disseminated and defrauded a nationwide class, plaintiffs could theoretically have brought suit under section 27 in any district in the United States.").

Furthermore, Defendants' allegedly false and misleading statements were prepared, created, and issued in S.D.T.X. The Company's senior management and Defendants in each action are located in Houston. None of these events occurred in New York. Transfer of securities class actions to the district where the corporate defendant headquartered is common. *See, e,g., In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) ("as a practical matter, such transfers [to venue where headquarters are located] are routine.").

The only connection that New York has to this case is the fact that Just Energy's stock trades on the New York Stock Exchange ("NYSE"). Courts in the Second Circuit have held that this is not a sufficient justification to militate in favor of finding that the S.D.N.Y. is an appropriate venue. *See Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*, No. 06 CIV. 1942 (HB), 2006 WL 1524590, at *4 (S.D.N.Y. June 5, 2006) ("Although Plaintiffs correctly point out

that [defendant's] stock is traded on the New York Stock Exchange ("NYSE"), which is located in the SDNY, and many of the analysts who follow [defendant's] stock are located in New York City, these contacts don't do it. If they did, the SDNY would have even more business and every plaintiff that sued a NYSE firm could nestle in right here at 500 Pearl Street.").

### 2. The Convenience Factors Favor Transfer to the S.D.T.X.

Transfer to S.D.T.X. would be more convenient not only for Gutman but for Defendants as well as for the witnesses in the case. Many of the factors weigh in favor transfer or are neutral.

*The Convenience of Witnesses*

The convenience of the witnesses is the most important factor in deciding a motion to transfer venue. *In re McDermott Intern., Inc. Sec. Litig.*, 2009 WL 1010039, at *4 (S.D.N.Y. Apr. 13, 2009). In analyzing this factor "courts must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." *Houlihan Lokey Howard & Zukin Cap., Inc. v. The Protective Grp., Inc.,* 2005 WL 3367044, at *5 (S.D.N.Y. Dec. 12, 2005); *see also In re Connetics*, No. 06 CIV. 11496 (SWK), 2007 WL 1522614, at *2 (S.D.N.Y. May 23, 2007). Given that Just Energy's U.S. Headquarters are located in S.D.T.X. as well as the remaining defendants are located in that district, and the allegations in the complaints arise from the Company's Texas operations, it is anticipated that witnesses would be located in the Houston, Texas area. No party has identified any witnesses in New York. This factor favors transfer to S.D.T.X.

*The Convenience of the Parties*

All of the parties are located in Texas and thus S.D.T.X. is the most convenient forum, particularly since New York has no ties to this action. Gutman, who will have a fiduciary duty to thousands of absent class members if he is appointed as Lead Plaintiff (Gutman Decl. ¶¶7-8), is a critical party in this case. As demonstrated by his declaration, Gutman would be substantially

inconvenienced in having to travel to New York, a forum which has no connection to this case, for deposition and trial. *Id.* at ¶9.

Moreover, Just Energy's U.S. headquarters are located in the S.D.T.X. and since the Individual Defendants are each located in Houston, they would not have to travel if the actions were transferred. This is important as transfer to S.D.T.X. "avoid[s] 'significant disruption to the operations of [defendants'] businesses'" and that "defendants' presence at trial is crucial." *Hanger Orthopedic*, 418 F. Supp. 2d at 169.

In fact, given that Gutman is located in Dallas, he would be the most inconvenienced to travel to Houston. Accordingly, there is no question that S.D.T.X. is the more convenient forum for all parties involved, particularly since the *Gutman* Action is pending in the Houston Division. This factor favors transfer to S.D.T.X.

*The Locus of Operative Events*

The locus of operative events (i.e. Defendants' alleged false statements and misrepresentations) in this case took place in Houston, Texas, where Just Energy's U.S. headquarters and management are located. It is possible that as the case progresses it is discovered that some events occurred in Ontario, Canada where Just Energy's worldwide headquarters are located, but unlikely given the strong connections to Houston. Even so, this would not support proceeding in S.D.N.Y. This factor favors transfer to S.D.T.X.

*The Location of Relevant Documents and Ease of Access to Sources of Proof*

Although with electronic storage it is easier to transit documents, the documents in question in these actions were likely created and are located in Houston, Texas. Accordingly, this factor weighs in favor for the case to proceed in S.D.T.X.

*The Availability of Process to Compel the Attendance of Unwilling Witnesses*

At this time, neither party has identified any witnesses that reside in New York. Rather given Just Energy's Texas-based operations, it is very likely that many of the witnesses in this case reside in Texas. Accordingly, this factor favors transfer to S.D.T.X.

*The Forum's Familiarity With the Governing Law*

This suit involves the application of the federal securities laws. Both this Court and S.D.T.X. are equally capable of applying the federal securities laws. *See, e.g., Stillwater*, 2003 WL 21087953, at *5; *Goggins*, 279 F. Supp. 2d at 234. This factor is therefore neutral.

*The Relative Financial Means of the Parties*

Just Energy is an international, publicly traded corporation. Gutman is a private individual representing a putative class of thousands of investors who is being represented by the Rosen Law. "[W]hile relative financial hardship may be considered in weighing the balance of conveniences, this factor is usually only applicable to situations where an individual is suing a large corporation." *Purcell Graham, Inc., v. National Bank of Detroit,* No. 93-Civ-8786 (MBM) 1994 WL 584550, (S.D.N.Y. Oct. 24, 1994), at *7 (internal quotations and citations omitted). Because Gutman is being represented by Rosen Law who will advance the expenses of Gutman and the putative class, the relative means of the parties and their ability to litigate this case fully are a neutral factor in the Court's analysis and support Gutman's request for a transfer. However, proceeding in S.D.T.X. will likely reduce costs for both sides as the Defendants are and many witnesses are likely to be located in Houston.

*The Weight Afforded Plaintiff's Choice of Forum*

As noted above, "In ruling on a motion to transfer venue, the trial judge is to give the plaintiff's choice of venue 'substantial consideration,'" *Warrick,* 70 F.3d at 741, *Stillwater* at *3.

9

For the reasons stated in the Gutman Declaration, Gutman's choice of venue is S.D.T.X. Gutman did not choose to file his case in S.D.N.Y., but purposely chose S.D.T.X.  Gutman Decl., ¶10. This factor favors transfer to S.D.T.X.

*Trial Efficiency and the Interests of Justice*

Each party is located in Texas, including each Defendant in Houston. It is likely that many potential witnesses are located in Texas given the allegations arise from the Company's Texas operations and Just Energy's U.S. Headquarters in located Houston, Texas. It would be in everyone's best interest and far more convenient for the case to be heard in S.D.T.X. than in S.D.N.Y.

In addition, at this early stage in the litigation, Defendants would not be prejudiced by transfer. No discovery or dispositive motion practice has taken place. Indeed, once the lead plaintiff is officially appointed, he will file an amended complaint and does not expect Defendants to respond to any of the current complaints in the S.D.N.Y Actions or the S.D.T.X. Action. Because so little has transpired in this Court so far, no prejudice would accrue to the plaintiffs in the S.D.N.Y. Actions or the putative class from a transfer either. *See, e.g., Seco Steel Int'l LLC v. Tokio Marine Newa Ins. Co.,* 2010 WL 1948590, at *1 (S.D.N.Y. May 10, 2010) ("the instant action is in its early stages, as no discovery has occurred and no other motion practice has taken place. Defendants will therefore suffer no material prejudice from the transfer of the action to the Eastern District of Louisiana"). This factor favors transfer to S.D.T.X.

## CONCLUSION

There is no basis for maintaining venue in the S.D.N.Y. To the contrary, all legal precedents and factual considerations point strongly toward a transfer for the convenience of the parties and the witnesses to S.D.T.X.  Accordingly, the Court should transfer this action to S.D.T.X.

Dated: November 18, 2019          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Phillip Kim*
Phillip Kim
Jonathan Stern
275 Madison Ave., 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jstern@rosenlegal.com

*Counsel for Lead Plaintiff Movant Gregory Gutman*

12

**CERTIFICATION OF COMPLIANCE**

I, Phillip Kim, hereby certify that Lead Plaintiff Movant Gregory Gutman's Memorandum Of Law In Support Of Motion To Transfer Venue complies with the Individual Rules of Practice for the Honorable John G. Koeltl, in that it contains 3,196 number of words (exclusive of the cover page, table of contents, table of authorities and the signature block) and is typed double spaced, in legible font with reasonable margins and that all footnotes are double-spaced and in legible font.

Dated: November 18, 2019                             */s/ Phillip Kim*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Phillip Kim*