**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Jonathan Stern
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jstern@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THADDEUS WHITE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JUST ENERGY GROUP, INC., PATRICK MCCULLOUGH, and JIM BROWN,<br><br>Defendants. | **CASE No.: 1:19-cv-08236-JGK**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION OF GREGORY GUTMAN TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**<u>CLASS ACTION</u>** |

# TABLE OF CONTENTS

INTRODUCTION AND PROCEDURAL BACKGROUND ....................................................... 1

ARGUMENT ........................................................................................................................ 5

   I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ....................................... 5

      A.   Movant Is Willing to Serve as Class Representative ...................................... 6

      B.   Movant Has the Largest Financial Interest in the Action ............................... 6

      C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil

      Procedure ......................................................................................................... 7

      D.   Movant Is Presumptively the Most Adequate Plaintiff .................................. 8

   II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .................... 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Barnet v. Elan Corp.*,
    236 F.R.D. 158 (S.D.N.Y. 2005) ............................................. 2

*Deering v. Galena Biopharma, Inc.*,
    No. 3:14-CV-00367-SI, 2014 WL 4954398 (D. Or. Oct. 3, 2014) ........................... 2

*In re Bally Total Fitness, Sec. Litig.*,
    2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................... 6

*In re Cendant Corp. Litigation*,
    264 F.3d. 201 (3d Cir. 2001) ................................................. 8

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) ........................................ 6, 7

*In re Gentiva Sec. Litig.*,
    281 F.R.D. 108 (E.D.N.Y. 2012) ............................................ 2

*In re Livent, Inc. Noteholders Sec. Litig.*,
    210 F.R.D. 512 (S.D.N.Y. 2002) ............................................. 7

*In re Olsten Corp. Sec. Litig.*,
    3 F.Supp.2d 286 (E.D.N.Y. 1998) ........................................... 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) .............................................. 7

*Lax v. Merch. Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................... 6

*Takara Trust v. Molex*,
    229 F.R.D. 577 (N.D. Ill. 2005) ............................................. 6

*Turner v. ShengdaTech, Inc.*,
    No. 11 CIV. 1918 TPG, 2011 WL 6110438 (S.D.N.Y. Dec. 6, 2011) ...................... 2

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................... 7, 8

Plaintiff Gregory Gutman ("Movant" or "Gutman") respectfully submits this memorandum of law in support of his renewed motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      appointing Movant as Lead Plaintiff for the class of all purchasers of the publicly traded securities of Just Energy Group, Inc. ("Just Energy" or the "Company") between November 9, 2017 and August 19, 2019, both dates inclusive ("Class Period"); and

(b)      approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

As explained herein, Gutman is refiling this motion in accordance with the Court's instructions at the November 21, 2019 conference in this matter, and due to the fact that Gutman originally and timely filed his lead plaintiff motion in the related case of *Goitein v. Just Energy Group, Inc., et al.*, Case No. 1:19-cv-07181-JGK (the "*Goitein* Action"), which was subsequently voluntarily dismissed.

## INTRODUCTION AND PROCEDURAL BACKGROUND

Three related actions were initially filed in this Court on behalf Just Energy investors alleging violations of Sections 10(b) and 20(a) of the Exchange Act. These actions, the *Goitein* Action, the instant action *White* v. *Just Energy Group, Inc., et al.*, Case No. 1:19-cv-08236-JGK (the "*White* Action"), and *Brodeur* v. *Just Energy Group, Inc., et al.*, Case No. 1:19-cv-08286-JGK (the "*Brodeur* Action" and with the *Goitein* Action and *White* Action, the "S.D.N.Y. Actions"), were filed on July 31, 2019, September 4, 2019, and September 5, 2019, respectfully.

On July 31, 2019, counsel in the *Goitein* Action issued an early notice pursuant to the PSLRA, advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff.

1

*See* Exhibit 1, hereto. This notice triggered the lead plaintiff deadline in this action as well. Where there are multiple actions filed on behalf of a class that assert substantially the same claims arising under the PSLRA, as here, then "only the plaintiff … in the first filed action shall be required to cause notice to be published..." 15 U.S.C. § 78u-4(a)(3)(A)(ii); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 161 (S.D.N.Y. 2005) (60-day period triggered by the notice issued for the first-filed action); *Turner v. ShengdaTech, Inc.*, No. 11 CIV. 1918 TPG, 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011) (notice issued for the first-filed action adequately notified potential lead plaintiffs of deadline, despite the multiple actions having different class periods).

On September 12, 2019, Movant filed a related action in the United States District Court for the Southern District of Texas, styled as *Gutman v. Just Energy Group, Inc. et al*, Case No. 4:19-cv-03449 ("*Gutman* Action").[1]

On September 30, 2019, Gutman timely filed a motion in the first-filed *Goitein* Action seeking consolidation of the S.D.N.Y. Actions, appointment as lead plaintiff, and approval of his selection of Rosen Law as counsel. *See* Exhibit 2, hereto. Movant filed a similar motion in the

---

[1] The *Goitein* Action and the *Brodeur* Action alleged a class period of November 9, 2017 through July 23, 2019 and the *White* Action alleges a class period of May 16, 2018 through August 19, 2019. The *Gutman* Action alleges a class period of November 9, 2017 through August 19, 2019. A more inclusive class period is favored at the lead plaintiff stage. *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

*Gutman* Action. Gutman was the only one to file such a motion in either court. The deadline to oppose his original motion in this Court was October 15, 2019. No opposition was filed and thus, the motion was unopposed. Since Gutman was the only lead plaintiff movant pursuant to the properly-issued notice, he is the only eligible movant.

On November 20, 2019, the *Goitein* Action was voluntarily dismissed. Due to this dismissal, Movant's original lead plaintiff motion is no longer pending. On November 21, 2019, the *Brodeur* Action was voluntarily dismissed. Accordingly, this *White* Action is the only remaining action pending in this Court.

On November 21, 2019, a conference was held before the Judge John G. Koeltl in the *White* Action. Given that Gutman's original motion was no longer pending due to the dismissal of the *Goitein* Action, the Court instructed Gutman to refile his motion in the *White* Action. Since Gutman was the only movant to file the original motion timely, it is anticipated that there will be no opposition to this Court-directed renewed motion.

## ALLEGATIONS OF THE COMPLAINT

Defendant Just Energy purports to be a retail consumer company specializing in electricity and natural gas commodities, energy efficiency solutions, and renewable energy options. It is incorporated under the laws of Canada and is operated out of dual headquarters in Houston, Texas and Toronto, Ontario.

The complaint alleges that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) Just Energy had been experiencing customer enrolment and nonpayment issues, primarily in Texas, over the prior 12 months; (2) Just Energy had not taken appropriate reserves to its trade receivables to reflect these issues, thereby rendering the foregoing financial results it publicly disseminated materially false and

3

misleading; and (3) Just Energy lacked adequate financial controls with regard to the identification of these issues including its methodology for estimating its reserve for trade receivables. As a result of the foregoing, Just Energy's financial statements were materially false and misleading at all relevant times.

On July 23, 2019, before the market opened, Just Energy disclosed that: (a) Management identified customer enrolment and non-payment issues, primarily in Texas, over the past 12 months; (b) as a result of these issues, management determined that "more robust operational controls were put in place, culminating in numerous improvements being implemented during June and July 2019"; (c) "Due to the identified issues, management is updating its provisioning methodology used to estimate its reserve for trade receivables"; and (d) "Management expects an incremental impairment of the Texas residential accounts receivable of approximately CAD $45 to $50 million as of June 30, 2019." On this news, the price of Just Energy securities declined from a close of $4.38 the prior day to close at $3.72—a decline of $0.66 per share on extremely heavy trading volume and continued to decline to $3.58 per share on July 24, 2019, also on heavy volume.

On August 14, 2019, after the market closed, Just Energy issued a press release entitled "Just Energy Reports Fiscal First Quarter 2020 Results." The press release stated that the Company was suspending its dividend, that its adjustment to account receivables would be larger than expected, and that Just Energy would be restating several previously issued financial statements. On this news, the price of Just Energy securities declined from a close of $3.10 per share the prior day to close at $1.88 per share a decline of $1.22 per share on extremely heavy trading volume.

4

On August 19, 2019, Just Energy filed a Form 40-F/A with the SEC which disclosed that Just Energy's allowance for doubtful accounts for its fiscal year ended March 31, 2019 was understated by $111.2 million consisting of $53.7 million for doubtful accounts in its Texas residential market and $57.5 million related to operational and collection issues in its United Kingdom (U.K.) market. On this news, the price of Just Energy securities declined from a close of $1.56 per share the prior day to close at $1.32 per share on August 20, 2019 on extremely heavy trading volume and continued to decline on August 21, 2019, closing at $1.18 per share also on extremely heavy trading volume. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## **ARGUMENT**

### I.   **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Exhibit 3 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $129,094.98 in connection with his purchases of Just Energy securities. *See* Exhibit 4 hereto. Movant is not aware of any other movant that has suffered greater losses in Just

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Energy securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Just Energy's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Just Energy securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including filing a complaint on Gutman's behalf in the United States District Court for the Southern District of Texas, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Exhibit 5 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: November 22, 2019                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim
Jonathan Stern
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jstern@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## <u>CERTIFICATION OF COMPLIANCE</u>

I, Phillip Kim, hereby certify that Memorandum Of Law In Support Of Renewed Motion Of Gregory Gutman To Appoint Lead Plaintiff And Approve Lead Plaintiff's Selection Of Counsel complies with the Individual Rules of Practice for the Honorable John G. Koeltl, in that it contains 2,755 number of words (exclusive of the cover page, table of contents, table of authorities and the signature block) and is typed double spaced, in legible font with reasonable margins and that all footnotes are double-spaced and in legible font.

Dated: November 22, 2019                          /s/ Phillip Kim

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>